UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH C. MCFADDIN,

    Plaintiff,

v.                                       Case No. 5:24-cv-277-TKW-MJF

SHAWN PAVOLKO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that this case be dismissed for lack of subject-matter jurisdiction.

### I. PLAINTIFF'S COMPLAINT

Plaintiff is an inmate of the Florida Department of Corrections housed at the Century Correctional Institution. Plaintiff's complaint names as the sole Defendant another FDC inmate, Shawn Pavolko. Plaintiff alleges that on February 14, 2021, Pavolko attacked Plaintiff without warning, which resulted in serious physical injuries.

Plaintiff's complaint does not state a basis for the District Court to exercise subject-matter jurisdiction. Plaintiff's "Statement of Claims" asserts:

> Violation of law by physically bringing bodily harm to me in a form of Attempted Murder on a fellow inmate sentenced to the Florida Department of Corrections, causing so much bodily harm and inflicting permanent injuries to me.

Doc. 1 at 7. Plaintiff is seeking compensatory damages from Pavolko.

## II.   SUBJECT-MATTER JURISDICTION

Because federal courts are courts of limited jurisdiction, a federal court cannot consider the merits of a case unless and until it is assured that the law authorizes the court to exercise subject-matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (federal courts are required "to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Title 28 U.S.C. § 1331 provides the district courts with original jurisdiction "of all civil actions arising under the Constitution, laws, or

treaties of the United States." Federal courts also have original jurisdiction over an action if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a).

## III. DISCUSSION

### A. The District Court Lacks Subject-Matter Jurisdiction

Plaintiff's complaint does not identify any federal question. Doc. 1 at 3-4, 7. In a prior lawsuit Plaintiff filed against Pavolko, which was dismissed, the district court determined: "[I]nmate Pavolko is not subject to suit under section 1983 because he is neither a state actor nor are there any facts indicating he acted 'under color of state law.'" *MacFaddin v. Blackwater River Corr. Rehab. Facility Ctr.*, No. 3:24-CV-59-MCR-HTC, 2024 WL 2835493, at *2 (N.D. Fla. Apr. 5, 2024), *report and recommendation adopted*, 2024 WL 2833959 (N.D. Fla. June 4, 2024).

In this re-filed lawsuit under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, Plaintiff does not allege any facts which would indicate that Pavolko was a state actor for purposes of § 1983. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no

matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted).

Plaintiff's reference to "violation of law . . . in a form of Attempted Murder," Doc. 1 at 7, raises no federal question or cause of action. The power to initiate and prosecute criminal cases is vested exclusively in the Executive Branch. *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000). Neither Plaintiff nor the District Court can compel the Florida State Attorney or the United States Attorney to prosecute Pavolko. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Because Plaintiff's allegations do not raise any federal question, and Plaintiff admits that he and Pavolko both are citizens of Florida, Doc. 1 at 7, this civil action must be dismissed for lack of subject-matter jurisdiction.

B.  **Amendment Would Be Futile**

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

The discussion set forth above demonstrates that Plaintiff has no federal cause of action under § 1983 or any other federal law, to seek damages against Pavolko for the alleged civil battery. Any claim for civil battery under Florida law must be raised in state court.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action without prejudice for lack of subject-matter jurisdiction.

2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 21st day of March, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's</u>**

**internal use only.** **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**